UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN JOSEPH HOP WAH, <br><br> Plaintiff, <br><br> -against- <br><br> JAVIER E. VARGAS, et al., <br><br> Defendants. | 24-CV-3146 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. §§ 1983 and 1985, alleging that Defendants violated his rights in proceedings before the New York State Court of Claims. By order dated May 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges that Defendants have conspired to violate his rights in proceedings before the Court of Claims. Named as defendants are: (1) Javier E. Vargas, Judge for the Court of Claims; (2) Nicole Wint-Baksh, Esq., Clerk of the Court of Claims; (3) Antonella Papaleo, Esq., Assistant Attorney General; Jorge Dopico, Esq., State of New York Grievance Committee; and Ilya Novofastovsky, Esq., of the Novo Law Firm. Plaintiff seeks money damages.

The following information is taken from the complaint. Plaintiff filed an action, *Hopwah v. State of New York*, Claim No. 138897, in the Court of Claims seeking damages for unjust conviction and imprisonment under state law.[1] In response to his filing, Defendants

---

[1] Plaintiff previously filed an action in this court in which he asserted claims arising from a New York state court conviction for assault that was later reversed. *Hop Wah v. Crosby*, No.

> entered into a[n] unspoken agreement that has been manifested by their collective acts taken independently, however, represent an orchestrated and contrived nonverbal acts that communicate the convert and esoteric language in which the acts taken as a whole provide a better understanding of the measures that are to be taken in the mishandling of the legal matter.[2]

(ECF 1, at 8-9.) In particular, Judge Vargas, acting "outside the bounds of the lawful execution of [] judicial authority," forced Plaintiff to be represented by Defendant Novofastovsky, his former attorney who, was "incompetent in the matter of [his] unjust conviction." (*Id*. at 9.) Plaintiff believes that this was an "abuse of [Judge Vargas'] judicial duties, functions, and powers," and was done to "prevent [him] from advancing the civil matter to a summary state." (*Id*.) Novofastovsky in turn, "acting as agent of the state," had "motive [] to delay the case in hope that the demise of [] Plaintiff[,] who was old and in failing health[,] would come to ocassion itself before the ultimate determination is or was made." (*Id*. at 10.) Furthermore, Defendant Papaleo, who represented the State, "abetted the conspired efforts to derail, offset, hinder, obstruct and obscure the litigation of said civil rights action from moving forward before the court by her acquiesced involvement with the acts of other undocumented criminals." (*Id*.) In addition, Defendant Wint-Baksh "act[ed] in concert with the illegal acts and conduct of [] Judge Vargas and [] Papaleo[,] which has effected [] Plaintiff's right to redress the courts." (*Id*. at 11.)

---

23-CV-1420 (LGS) (S.D.N.Y. July 30, 2024) ("*Hop Wah I*"). On August 9, 2023, Judge Lorna G. Schofield of this court dismissed the case against all but two of the defendants in that case, on immunity grounds. *Hop Wah I*, No. 23-CV-1420 (LGS), 2023 WL 5101678 (S.D.N.Y. Aug. 9, 2023). On July 30, 2024, Judge Schofield dismissed the remaining claims against the two defendants as untimely. *Hop Wah I*, No. 23-CV-1420 (LGS), 2024 WL 3598441 (S.D.N.Y. July 30, 2024). Plaintiff's claims in the Court of Claims action arose from that same state court conviction.

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Plaintiff also asserts claims arising from alleged rights deprivations in the underlying state court criminal case. He relates various deficiencies in Novofastovsky's representation of him in the criminal case, asserting that Novofastovsky's legal services were "wanting" and that his "sole contribution" has been his name and his law firm's name. (*Id*. at 12-13.) Plaintiff also contends that Novofastovsky only ever saw him as "an easy free legal meal dessert," and when he attempted to terminate his legal services, Novofastovsky "decided to with-hold from [him] the entire criminal trial records." (*Id*. at 13.) According to Plaintiff, "the act of depriving [him] of his documentation and much-needed evidentiary material" for claims asserted in his federal and state court cases "was done as a retaliatory measure and act that has placed great restrictions and roadblocks in the path of [his] litigation." (*Id*.)

Plaintiff also sues Defendant Dopico for refusing to act or respond to his complaints in which he sought an investigation of "the conduct and acts of the prosecution during their mishandling of said criminal matter before the court" and the misconduct of attorneys. (*Id.* at 10-11.) As a result of Dopico's "non-actions," Plaintiff "suffers from the instilled sense of distrust and paranoia in the whole system of the judicial hypocrisy of democracy within our criminal justice system." (*Id*. at 11.)

On February 15, 2024, before Plaintiff filed this action, Judge Vargas dismissed Plaintiff's Court of Claims case. *See Hopwah v. State*, 204 N.Y.S.3d 920 (N.Y. Ct. Cl. 2024).

## DISCUSSION

### A.  *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (citation omitted). Because "federal district courts are granted original − and not appellate − jurisdiction, cases that function as de

4

facto appeals of state-court judgments are therefore jurisdictionally barred." *Id*. Under the *Rooker-Feldman* doctrine, a federal district court lacks authority to review a final state court order or judgment where the plaintiff seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) ("[The *Rooker-Feldman* doctrine] bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)).

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a final state court order or judgment; (3) the plaintiff invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

Here, Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. Plaintiff, whose complaint in the Court of Claims was dismissed before bringing this action, complains that his federal rights were violated in that state court action. In other words, he challenges the validity of his state court judgment and invites the Court to review that judgment. The *Rooker-Feldman* doctrine bars this Court from reviewing such challenges. The Court therefore dismisses Plaintiff's claims of alleged violations of his rights in the state court action under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291. This dismissal is without prejudice to any appeal Plaintiff may bring in the proper state court forum.

**B.     Section 1983**

Even if all of Plaintiff's claims are not precluded by the *Rooker-Feldman* doctrine, any remaining claims he has under 42 U.S.C. § 1983 arising out of the Court of Claims action or his underlying criminal case must be dismissed.[3] Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege facts showing both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. at 48-49 (1988). Judicial officials are immune from claims based on their official actions. Plaintiff's asserted Section 1983 claims against the named defendants cannot proceed for the reasons stated below.

**1.     Judicial Immunity**

Plaintiff's Section 1983 claims for damages against Defendants Vargas, Wint-Baksh, and Dopico must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered

---

[3] Like his claims in *Hop Wah I*, Plaintiff's Section 1983 claims relating to the criminal state court action and the complaints he filed with the New York State Grievance Committee may be untimely. He does not provide the dates of the alleged violations, but the Court notes that he was convicted on July 17, 2015, and his conviction was reversed on April 23, 2019. *See People v. Wah*, 99 N.Y.S.3d 19, 21 (2019). The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). To be timely as proper subjects of claims in this action, all alleged violations would have had to occur on or after April 24, 2021, three years before Plaintiff filed this complaint.

judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

This absolute judicial immunity has been extended to "some officials who are not judges but who perform functions closely associated with the judicial process." *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987) (citation and internal quotation marks omitted). Courts have held that quasi-judicial immunity applies to other individuals when they are "performing discretionary acts of a judicial nature." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Court clerks, for example, are immune from suit "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). In addition, court clerks "are absolutely immune from suit for 'functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'" *Garcia v. Hebert*, No. 08-CV-0095, 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013) (quoting *Humphrey v. Court Clerk for the Second Circuit*, No. 5:08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008)). Courts have also found that members of the staffs of the Attorney Grievance Committees of the state courts are protected by quasi-judicial immunity. *See Neroni v. Coccoma*, 591 F. App'x 28, 30 (2d Cir. 2015)

7

(summary order) (citing and quoting *Anonymous v. Ass'n of the Bar of the City of New York*, 515 F.2d 427, 433 (2d Cir. 1975)); *McKewon v. N.Y. State Comm'n on Jud. Conduct*, 377 F. App'x 121, 124 (2d Cir. 2010) (summary order) ("Prosecutors, hearing examiners, and law clerks are eligible for absolute immunity, and those involved in preparing and adjudicating attorney discipline proceedings share analogous roles." (citation omitted)).

Here, Plaintiff brings claims against Judge Vargas for rulings made in the Court of Claims case, but he does not allege any facts showing that Judge Vargas acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. In addition, he sues Wint-Baksh in her capacity as Clerk of the Court of Claims for allegedly acting in concert with Judge Vargas and Papaleo, and Dopico in his capacity as an attorney for the New York State Grievance Committee for allegedly refusing to investigate Plaintiff's claims of prosecutorial and attorney misconduct arising from his criminal case. Because Plaintiff's claims against Wint-Baksh and Dopico arise out of alleged conduct that is judicial in nature, those defendants are protected by absolute immunity. The Court therefore dismisses Plaintiff's Section 1983 claims against Vargas, Wint-Baksh, and Dopico because he seeks monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, the claims are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

2. **Government Attorney Immunity**

Plaintiff's Section 1983 claims against Papaleo, for conduct in the Court of Claims case in her capacity as Assistant Attorney General, must also be dismissed. "As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the [government] in a way that is intimately associated with the judicial process." *See Mangiafico v.*

8

*Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This doctrine of absolute immunity for government attorneys covers "the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits." *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)).

Here, Plaintiff asserts that Papaleo in representing the State of New York conspired with the other defendants to derail the Court of Claims case. Because Papaleo's alleged actions were taken within the scope of her job representing the State, she enjoys immunity from suit. The Court must therefore dismiss Plaintiff's Section 1983 claims against Papaleo on the ground of absolute immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3. Private Party

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), an attorney's legal representation of an individual does not constitute the degree of state involvement necessary for a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d

9

Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983).

Here, Plaintiff sues Novofastovsky for his allegedly deficient representation of him in both the state court criminal case and the Court of Claims action. While Plaintiff alleges that Novofastovsky "act[ed] as agent of the state," in concert with Judge Vargas and the other defendant to violate his rights (ECF 1, at 10), Plaintiff does not assert any facts to support his conclusory assertions. Because Novofastovsky is not a state actor, Plaintiff cannot state a claim under Section 1983 against him. The Court therefore dismisses Plaintiff' s Section 1983 claims against Novofastovsky for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Section 1985**

The Court also considers whether Plaintiff's assertions are sufficient to state a conspiracy claim under 42 U.S.C. § 1985. To state a Section 1985 claim, a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). Furthermore, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Palmieri v. Lynch*, 392 F.3d 73, 86 (2d Cir. 2004) (quotation omitted).

"[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir.

10

2002). Claims under Section 1985 must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Here, Plaintiff fails to establish an agreement among the parties or factual details concerning the inception or operation of any conspiracy. He merely offers conclusory allegations that Defendants conspired to violate his rights, which included forcing him to accept representation by Novofastovsky in the Court of Claims matter and failing to investigate his claims of misconduct by prosecutors and his attorney. The Court therefore finds that Plaintiff's fails to state a conspiracy claim under Section 1985. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     State Law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### E.     Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

The Court dismisses Plaintiff's challenge to his state court judgment under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court also dismisses the remaining claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) for the reasons stated above. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   August 15, 2024
             New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge